**FILED**
United States Court of Appeals
Tenth Circuit

**March 15, 2024**

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ALPINE SECURITIES CORPORATION, a Utah corporation,

    Plaintiff - Appellant,

v.

NATIONAL SECURITIES CLEARING CORPORATION; THE DEPOSITORY TRUST AND CLEARING CORPORATION; DEPOSITORY TRUST COMPANY,

    Defendants - Appellees,

and

UNITED STATES OF AMERICA,

    Intervenor Defendant - Appellee.

No. 24-4027
(D.C. No. 2:23-CV-00782-JNP-JCB)
(D. Utah)

_____

**ORDER**
_____

Before **MORITZ** and **FEDERICO**, Circuit Judges.
_____

    This matter is before the court on Alpine Securities Corporation's emergency motion for injunction pending appeal. Alpine is a respondent in an ongoing proceeding before Defendant, the National Securities Clearing Corporation, which is owned by another Defendant, the Depository Trust & Clearing Corporation. The motion seeks to

enjoin the NSCC's administrative hearing scheduled to begin on March 18, 2024. Defendants oppose the motion.

The inquiry when ruling on a motion for injunction pending appeal is the same as when reviewing a district court's ruling on a motion for preliminary injunction. *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001). The question is "whether the district court abused its discretion and whether the movant has demonstrated a clear and unequivocal right to relief." *Id.* "The standard for abuse of discretion is high. The [movant] must show that the district court committed an error of law . . . or committed clear error in its factual findings." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (internal quotation marks omitted).

Thus, Alpine must demonstrate that the district court abused its discretion and clearly and unequivocally that: (1) there is a substantial likelihood it will succeed on the merits; (2) it is likely to suffer irreparable harm unless the injunction issues; (3) the threatened injury to it outweighs whatever damage the injunction might cause Defendants; and (4) the injunction would not be contrary to the public interest. *See id.* (setting out the requirements for preliminary injunctive relief); 10th Cir. R. 8.1. Because Alpine has failed to meet this burden, we deny the emergency motion for injunction pending appeal.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk